THE SPERRY & HUTCHINSON COMPANY, Plaintiff, *v.* ADAM, MELDRUM & ANDERSON CO., INC., Defendant.

Supreme Court, Erie County, October 21, 1932.

*Kenefick, Cooke, Mitchell, Bass & Letchworth [Daniel J. Kenefick of counsel], for the plaintiff.*

*Lewis & Carroll [William C. Carroll of counsel], for the defendant.*

HARRIS, J.   This is an application made by the plaintiff for an order restraining the defendant, pending the trial and determination of this action, from redeeming certain so-called Sperry trading stamps, hereinafter more fully described.   The relief asked on this motion is similar to that asked in the prayer for relief contained in the complaint.   It appears to be conceded that the conduct of the defendant, which the plaintiff seeks to restrain, will cease of itself according to the plan of the defendant not later than November 15, 1932, and in view of this the court has suggested that the parties hereto proceed to immediate trial, but the parties have not consented to such immediate trial.

The plaintiff is a well-known corporation engaged in furnishing a service to merchants which service has for its object, so far as a merchant is concerned, an increase of sales, and so far as the plaintiff is concerned, an increase of income.   The defendant owns a very well-known and large department store in the city of Buffalo. The rights of both the plaintiff and the defendant herein are fixed by a contract in writing which was entered into by the parties hereto under date of January 12, 1926, and which, except for one change providing for a time of termination thereof and except for a notice of termination served by the defendant on the plaintiff, has continued in effect until the 1st day of October, 1932.

If the terms of such contract are clear and explicit, they are binding on both parties thereto, although the results may be harsh

on one or the other, but if the language is not clear and explicit, then it is the duty of the court to construe the contract in a manner that is reasonable and not harsh or unreasonable. If the contract lacks clear expression of a provision which the context of the contract shows, by reason of obligations therein contained, should be implied, then this court must read into the contract such implied provision. · These are simple and well-known rules of the law of contracts.

The contract of January 12, 1926, provides, in substance, that for the period stated in such contract, the plaintiff was to deliver to the defendant, and the defendant was to order and receive from the plaintiff, Sperry gold trading stamps in lots of not less than twenty pads per lot, each pad containing 5,000 stamps, and to pay on delivery thereof the sum of twelve dollars and fifty cents per pad for the use of said stamps as an advertising medium, and that the defendant agreed to offer to customers making purchases during the entire term of such contract and on acceptance by such customers, give as evidence of cash payment and only for redemption in accordance with the terms of such contract, one of said stamps for each ten cents represented in the retail price of goods for which cash was paid, the defendant further binding itself by such contract not to procure, use or dispose of said stamps, except as provided in said contract, without the written consent of the company. Further provision was made in such contract by which the plaintiff agreed to advertise the defendant and its business in a directory and to distribute free of charge to the defendant and in the city of Buffalo, such advertisements which would be to the effect that the defendant gave and redeemed such stamps. Under the agreement of January 12, 1926, it was provided that the stamps furnished by the plaintiff were to be used only as evidence of sales for cash and that property and title in and to such stamps should remain in the plaintiff, and that the defendant, on presentation of a full stamp book containing 660 of the stamps, would give to the customer presenting the same one dollar and twenty-five cents worth of merchandise from the stocks of the defendant and would further honor vouchers issued by the plaintiff, which vouchers would be issued upon presentation to the plaintiff by such customers of filled stamp books, and then on an audit being made, the plaintiff would pay to the defendant one dollar and twenty-five cents for each trading stamp book or voucher redeemed in this manner by the defendant. Pursuant to such contract, the plaintiff furnished to the defendant books in which the customer· could paste stamps, which books contained on the front cover the following: " This little book when filled with ' Sperry ' Gold Stamps is good for

One Dollar and Twenty-five Cents ($1.25) in merchandise or One Dollar ($1.00) in cash," and on the back cover the following: " We give and redeem ' Sperry ' Gold Stamps. Adam, Meldrum & Anderson Co."

Paragraph 12 of the contract dated January 12, 1926, is as follows: " 12. Upon the expiration or sooner termination of this contract, the Subscriber agrees to return to the Company, upon demand, all of said Sperry Gold Stamps remaining unissued in the Subscriber's hands, and to cease thereafter the use of the Company's stamps except with the prior written consent of the Company; and the Company agrees to repay to the Subscriber any amounts paid by the Subscriber for said Sperry Gold Stamps upon their return, undetached from the original pads, provided the Subscriber has complied with the terms of this contract."

By the change above referred to the contract was altered so as to provide for a termination of the same as follows: That in the event of the contract being renewed for the year 1932, the defendant had a right to cancel the contract on April 1, July 1 and October 1 of said year 1932. On July 1, 1932, the defendant notified the plaintiff that it elected to terminate the contract as of and on October 1, 1932. Intermediate the dates of July 1, 1932, and October 1, 1932, various negotiations were conducted between the plaintiff and the defendant on the part of the plaintiff endeavoring to induce the defendant to continue such contract and its terms after October 1, 1932, but finally late in September, 1932, the defendant advised the plaintiff that it would continue in its determination to terminate such contract as of and on October 1, 1932. At or about the same time, the defendant notified its customers by letters (30,000 in number) that the defendant would cease to issue such trading stamps October 1, 1932, but would redeem the filled books up to November 15, 1932.

The object of this action and the relief sought therein and on this application is to have determined whether the defendant could continue such redemption after the termination of the contract on October 1, 1932. As has been indicated above, this question must be resolved and determined from the language of the contract itself under the rules of the law of contracts above stated. The whole question revolves around the meaning of the provision of paragraph 12 of the contract as above quoted and especially as to what was meant by the language " to cease thereafter the use of the Company's stamps except with the prior written consent of the Company." The plaintiff argues that this word " use " should be construed as including purchase, issuance and redemption of the stamps; the defendant contends that the word " use " means

issuance, and that it has a reasonable time after the termination of the issuance of the stamps to redeem the same. Does this language, " to cease thereafter the use of the Company's stamps except with the prior written consent of the Company," convey to the mind explicitly the thought that the word " use " implies purchase, issuance and redemption of the stamps? In determining this, it is necessary to consider the entire language and purport of the contract. As to language, the contract contains nothing to throw light upon the particular meaning of the word " use " in paragraph 12. However, in paragraph 15 of the contract, provision is made as follows: " The Company hereby further agrees that it will not during the term of this contract, either directly or indirectly, issue or promote the use of, or redeem any Green or other stamps, coupons, or other similar device, in the City of Buffalo, aside from the Sperry Gold Stamps. Nothing in this contract shall be construed 'to prevent the Company from exchanging its trading stamps for the redeemable premium tokens of any other concern in its customary manner." Here it will be noted that there is apparently a distinction among the words " issue," " promote the use of " and " or redeem." In paragraph 16, which covers the question of tax on such stamps, there is used the expression " be placed upon the issue or redemption, or in any wise in connection with the use of the Company's trading stamps." Apparently there is a distinction here between issue and redemption and use. This language may well lead to the conclusion that the parties to the contract intended to make a distinction among issuance, use and redemption, as words in the contract. This thought is reinforced by the obligations placed upon the defendant in its duty to the plaintiff under such contract.

Paragraph 1 of such contract requires the defendant to purchase the stamps from the plaintiff and to issue them to customers during the entire term of the contract. Paragraph 7 of the contract requires the defendant to make an exchange of merchandise in the way of redemption of the stamps when presented properly in books by the customer. If the construction of the plaintiff is to be taken as to the time at which redemption is to cease on the part of the defendant, then the defendant will be compelled to buy and issue these stamps to the 1st day of October, 1932, but could not redeem stamps even if they were bought and issued by the defendant on the very last day of the term ending October 1, 1932, although by the terms of such contract, defendant was required by the plaintiff to hold itself out to its customers as being in a position to redeem such stamps issued by the defendant. Through the obligation to the plaintiff placed upon itself by the terms of the con-

tract, the defendant has been placed in a position that has, in effect, guaranteed redemption of stamps issued by itself and its failure to so redeem can well be the cause of ill will of the customers of the defendant toward the defendant. This ill will, of course, was not an object sought by either of the parties hereto when they made the contract of January 12, 1926. The objects, as once before stated herein, were the increase of the merchandising ability of the defendant and the remuneration of the plaintiff for such increase of merchandising and its consequent good results. It is true that the plaintiff argues that it has similar contracts with other merchants in Buffalo and the vicinity of Buffalo and that such merchants are protesting against the continued redemption of the stamps by the defendant after the defendant has ceased to issue such stamps, such merchants claiming — and probably justly so — that the defendant, by redeeming such stamps, would make sales that would otherwise come to such protesting merchants if the defendant did not make the sales. But here is a contract that has been made by parties hereto, both of whom are well versed in business ways. They are bound by their contract. Any difficulty in the construction of such contract could have been avoided by the use of more exact language. But in view of the language of the contract and the result aimed to be reached by the contract, this court feels that the words in paragraph 12, " to cease thereafter the use of the Company's stamps except with the prior written consent of the Company," should be construed as meaning issuance of the stamps by the defendant, and that in view of the obligations assumed by the defendant to purchase and to issue such stamps up to the end of the term of the contract, there was implied in such contract an obligation on the part of the defendant and a right on the part of the defendant to redeem stamps issued under the terms of the contract for a reasonable time after the expiration date, October 1, 1932, and that equally, the plaintiff would have the right to compel the defendant to purchase and issue such stamps up to October 1, 1932, and to redeem them within a reasonable time thereafter. The defendant claims that a reasonable time would be the period from October 1, 1932, to November 15, 1932. This is a question that finally can only be determined by facts produced on a trial, but in view of the many years of most pleasant and most profitable relationship between the plaintiff and the defendant, and the widespread business of the plaintiff and the extensive operations of the defendant (which operations as shown to the court from the date of the contract to the present has led to the issuance by the defendant of more than 120,000,000 of the Sperry gold trading stamps), this court cannot well say

on the proof presented on this motion that such period from October 1, 1932, to November 15, 1932, is not a reasonable length of time in which the defendant should be permitted to make redemption of the stamps.

The defendant may have an order denying the application of the plaintiff, with ten dollars costs.